IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* STEPHANIE D. GROSZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 13-0437-CG-N |
| ST. JUDE MEDICAL, INC.; CARDIOLOGY ASSOCIATES OF MOBILE, INC.; and SPRINGHILL MEDICAL CENTER, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Relator's Motion to Dismiss and Motion for Permanent Seal (Doc. 14), and the United States' Response to the Motion. (Doc. 16). For the reasons set forth herein, Relator's motion is due to be **GRANTED IN PART** and **DENIED IN PART.**

In accordance with the False Claims Act, Stephanie D. Grosz ("Relator") filed her *qui tam* complaint against Defendants under seal. 31 U.S.C. § 3730. The United States then investigated Relator's claims to decide whether it should intervene. The United States later declined intervention. (Doc. 12). Relator and the United States now move to dismiss this case without prejudice. (Doc. 14, p. 2; Doc. 16, p. 2). Relator also moves this Court to maintain the case permanently under seal (Doc. 14, p. 3), which the United States opposes. (Doc. 16, p. 2).

Relator is a cardiologist who continues to work in the same geographic area

as Defendants. (Doc. 14, p. 3). Relator says unsealing this case may make for an uncomfortable work environment when she encounters her former business partners. (Doc. 14, p. 4). Relator also argues unsealing the case may create a "real danger that patients of these Defendants and other patients in this District would question whether their healthcare professionals are meeting the standard of care or are providing care motivated by financial incentives rather than what is in the patient's best medical interest." (Doc. 14, p. 4).

In its response, the United States argues False Claims Act cases are routinely unsealed after the Government decides whether to intervene. (Doc. 16, p. 3). Although lifting the seal is within the Court's discretion, the United States says there are no "extraordinary circumstances" that warrant keeping this particular case under seal. (Doc. 16, p. 2). The United States further notes Relator voluntarily involved the judicial system in her dispute, which usually results in giving up the right to remain anonymous. (Doc. 16, p. 4).

The False Claims Act requires relators initially file *qui tam* complaints under seal so the Government may conduct its investigation. 31 U.S.C. § 3730(b)(2). The complaint remains under seal for at least 60 days without disclosure to the defendant, which time may be extended for good cause upon motion by the Government. 31 U.S.C. § 3730(b)(2), (3). After the Government decides whether to intervene, the seal is lifted and the case is made public. See U.S. ex rel. Fender v. Tenet Healthcare Corp., 105 F. Supp. 2d 1228, 1230 (N.D. Ala. 2000) (discussing False Claims Act and how unsealing the complaint is "virtually automatic"); see

also United States v. King Pharm., Inc., 806 F. Supp. 2d 833, 841 – 42 (D. Md. 2011) (collecting False Claims Act cases denying requests for permanent seal). The case files, or portions of the case files, may remain under seal if a party shows extraordinary circumstances necessitate keeping the information confidential. See, e.g., Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). In the False Claims Act context, extraordinary circumstances may include the need to protect certain trade secrets or privileged national security information. Federal and state laws also protect personal health information. See, e.g., Murphy v. Dulay, 768 F.3d 1360, 1368 (11th Cir. 2014) (discussing HIPAA and state privacy law protections for certain medical files).

In this case, Relator does not argue extraordinary circumstances are present, or that private personal health information is at issue. Instead Relator claims lifting the seal may harm her employment interests, or cause concern for patients in the area about their quality of care. (Doc. 14, p. 4). Simply because Relator continues working in the healthcare industry alongside Defendants does not, without more, warrant keeping the complaint under seal.

After careful consideration, Relator's interest in keeping the information confidential does not outweigh the public's interest in access to the documents. Therefore, the Relator's Motion to Dismiss (Doc. 14) is **GRANTED** and this case is **DISMISSED** without prejudice; and the Relator's Motion for Permanent Seal is **DENIED**. (Doc. 14). Accordingly, the Clerk is directed to **UNSEAL** the Complaint. (Docs. 1, 2).

The False Claims Act is specific as to the unsealing of a complaint once the United States decides whether to intervene. It is silent, however, with regard to the continued sealing of other documents, such as any motions filed pursuant to § 3730(b)(3) to enlarge the evaluation and election period. Because the United States does not object to lifting the seal from its motions or filings, the Clerk is also directed to **UNSEAL** the United States' documents in this case. Furthermore, the seal is lifted as to all other matters occurring in this action after the date of this Order.

**DONE and ORDERED** this 1st day of April, 2015.

/s/ Callie V.S. Granade
UNITED STATES DISTRICT JUDGE